UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RAYMONE NEAL                                                                     PLAINTIFF

v.                                          CIVIL ACTION NO. 4:19-CV-P123-JHM

KROGERS                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Raymone Neal, an inmate currently incarcerated in the Grayson County Detention Center, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action.

**I.**

In the complaint, Plaintiff names "Krogers" as Defendant and claims as follows:

On or between January 31, 2016 while shopping at Krogers . . . Mr. Neal was racially profiled and approached by a white male and female Kroger employees who immediately began accusing Mr. Neal of shoplifting as he approached the Customer service to pay for items and send currency in the amount of $80 through western union. Mr. Neal was escorted to a upstairs room and interrogated for 20 to 30 minutes and accused of avoiding all points of sale. Mr. Neal was told to never return to Kroger. Mr. Neal was arrested, booked, charged, and bail set at $500. Upon booking Mr. Neal was assaulted by Louisville Metro Department of Corrections officers and his brand new Nike airmax shoes where lost by the officers. On August 17, 2018 the charges were dismissed.

As relief, Plaintiff seeks monetary and punitive damages.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court

must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). In other words, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard v. Ky. Bd. of Nursing*, 896 F.2d at 183. "[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at

the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. at 397). Additionally, a claim of unlawful search and seizure accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004.").

While the statute-of-limitations is an affirmative defense, when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. at 215; *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Here, Plaintiff alleges that he was seized by Kroger employees on January 31, 2016; that he was booked in LMDC sometime after that, where unnamed officers allegedly assaulted him and lost his shoes; and that the charges were dismissed on August 17, 2018. As the latest date of any factual allegations occurred on August 17, 2018, the statute of limitations accrued at the latest on that date and ended on August 19, 2019.[1] Because Plaintiff did not file his complaint until weeks later on September 6, 2019,[2] his claims are time-barred.

---

[1] The end of the one-year period actually fell on August 17, 2019, but as that date was a Saturday, the period continued to run "until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6.

[2] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on September 6, 2019.

Accordingly, the complaint will be dismissed as frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

The Court will enter a separate Order dismissing this action.

Date: March 2, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendant
4414.005